FILED
United States Court of Appeals
Tenth Circuit

April 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

QEP ENERGY COMPANY,
a Texas Corporation,

        Plaintiff-Counter-Claim-
        Defendant-Appellee,

v.

CHRISTOPHER M. SULLIVAN,

        Defendant-Counter-
        Plaintiff-Appellant.

No. 12-4075
(D.C. No. 2:08-CV-00859-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Christopher M. Sullivan, an attorney proceeding pro se, appeals from the

district court's order denying his Fed. R. Civ. P. 60(b) motion to vacate the court's

previous declaratory judgment construing an oil and gas lease. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Through an assignment, Sullivan owns an interest in oil and gas produced under a federal lease. In response to a form question on the assignment asking "[w]hat overriding royalty or production payments is the assignor reserving," the parties wrote "[t]hree Percent (3%) of 8/8, see attached rider." *QEP Energy Co. v. Sullivan*, 444 F. App'x 284, 286 (10th Cir. 2011). The lessee, QEP Energy Company (QEP), and Sullivan agreed that the referenced rider described a production-payment interest entitling Sullivan to receive payments capped at $300 per acre. But they disagreed whether the "three Percent (3%) of 8/8, see attached rider" language reserved a 3% production-payment interest capped at $300 per acre on the lease, as QEP contended, or both a $300-per-acre obligation and a separate 3% overriding-royalty interest, as Sullivan contended. *See id*. at 288. QEP brought a declaratory action. Sullivan argued to the district court that the phrase "3% of 8/8" standing alone is common industry terminology used to reserve an overriding royalty. *Id*. at 289. QEP did not challenge that assertion, *see id*. at 289, but noted that the language Sullivan emphasized did not stand alone, but included the words "see attached rider," which were separated from the "3% of 8/8" phrase by a comma.

The district court entered judgment in favor of QEP, ruling that the phrase unambiguously referred only to a single 3% production-payment interest. This court affirmed, also holding that the phrase created a 3% production-payment interest, the terms of which were further defined in the attached rider. *Id*. at 292.

- 2 -

Sullivan then filed a Rule 60(b) motion in the district court asking the court to vacate its judgment, claiming he had newly discovered evidence that would have changed the district court's interpretation of the assignment language. During Sullivan's litigation with QEP, QEP was also in litigation with B&A Properties, LLC over their disputed interpretation of the same assignment as his (the B&A case). Sullivan discovered depositions in the B&A case in which a QEP expert and manager, Nibert and Willis respectively, testified that "3% of 8/8" is known in the oil and gas industry to create an overriding royalty. Aplt. App. at 152-53. Sullivan had obtained this evidence from the Utah state court hearing the B&A case.

Sullivan sought relief under Rule 60(b)(2), which provides that "the court may relieve a party . . . from a final judgment . . . for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[1] He argued that Nibert's and Willis's deposition testimony from the B&A case (the B&A depositions) constituted newly discovered evidence; that QEP was aware of the prevailing industry usage; and that its witnesses had previously admitted that the "3% of 8/8" phrase creates an overriding royalty.

The district court denied Sullivan's Rule 60(b) motion. It ruled the B&A depositions did not constitute newly discovered evidence because Sullivan chose not to take Nibert's or Willis's depositions and chose not to present evidence of industry

---

[1] Sullivan also sought relief under Rule 60(b)(3) and (6), but on appeal, he does not challenge the district court's denial of relief under those provisions.

usage through his own expert witness. It further ruled the B&A depositions would not have varied its interpretation of the unambiguous phrase in the assignment. Sullivan appeals.

## II.

"We review for abuse of discretion a district court's denial of a Rule 60(b) motion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks omitted). To be eligible for relief under Rule 60(b)(2), Sullivan must show: "(1) the evidence was newly discovered since the trial; (2) [he] was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (internal quotation marks and citation omitted).

Sullivan contends that he was diligent in discovering the B&A depositions and that this evidence was material, not cumulative. He argues the district court abused its discretion in using his failure to depose Nibert or Willis as a lack of diligence because he was under no obligation to depose them. We disagree. "If a party, through negligence or a tactical decision, fails to present evidence that was available, it may not find refuge under Rule 60(b)(2) by finding substantially similar evidence from a newly discovered source." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716,

- 4 -

728 (10th Cir. 1993). QEP listed Nibert and Willis as fact and expert witnesses. Although Sullivan was under no obligation to take their depositions, their opinions were discoverable had he chosen to depose them. Indeed, the B&A depositions were publicly available from the court considering the B&A case while Sullivan's litigation was pending. And, as the district court further noted, Sullivan chose not to present his own expert witnesses as to industry usage. *See id*. at 728 ("The newly discovered evidence must not be cumulative not only with the evidence that the moving party actually presented at trial, but also with the evidence that the moving party could have, had it exercised due diligence, presented at trial."). We conclude the district court did not abuse its discretion in concluding Sullivan did not exercise reasonable diligence.

Further, we see no abuse of discretion in the district court's conclusion that the B&A depositions were cumulative and not material. In the B&A depositions, Nibert and Willis testified that they would interpret the phrase "3% of 8/8" as creating an overriding royalty *if* that was the only language and there was no attached rider. Aplt. App. at 172 (Nibert's interpretation of the phrase if the contract had no "see attached rider" phrase and there was no rider attached to the assignment at all); *id*. at 176-77 (Willis's interpretation of the phrase if he saw that language alone in the assignment). Those opinions are consistent with what Mr. Sullivan argued, and QEP

conceded, on summary judgment. *See QEP*, 444 F. App'x at 289.[2] But as the district court held, and we affirmed, that phrase does not stand alone in Sullivan's assignment form. *Id.* at 289-90.

Accordingly, the district court did not abuse its discretion in denying Sullivan's Rule 60(b) motion. The judgment of the district court is affirmed.

Entered for the Court

William J. Holloway, Jr.
Senior Circuit Judge

---

[2] This court's panel explained:

Mr. Sullivan argues that "3% of 8/8" is common industry terminology used to reserve an overriding royalty. He contends that, standing alone, "Three Percent (3%) of 8/8" specifies an overriding royalty to be paid out of three percent of 100 percent of gross production from the wells. QEP does not challenge these contentions. But as QEP points out, the language Mr. Sullivan emphasizes does not stand alone in the Thomas Assignment.

*QEP*, 444 F. App'x at 289.